*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THERESA STRZELECKI,

      Claimant-Appellant,

v

M. NIKPOUR, M.D., PC,

      Respondent-Appellee,

and

DEPARTMENT OF LABOR AND ECONOMIC
OPPORTUNITY/UNEMPLOYMENT
INSURANCE AGENCY, formerly known as
DEPARTMENT OF TALENT AND ECONOMIC
DEVELOPMENT/UNEMPLOYMENT
INSURANCE AGENCY,

      Appellee.

UNPUBLISHED
December 26, 2019

No. 345073
Macomb Circuit Court
LC No. 2018-000133-AE

Before: FORT HOOD, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Claimant appeals by leave granted[1] the circuit court's opinion and order affirming the decision of the Michigan Compensation Appellate Commission (MCAC) that claimant was not entitled to unemployment benefits. We affirm.

---

[1] *Strzelecki v Nikpour M MD PC*, unpublished order of the Court of Appeals, entered January 3, 2019 (Docket No. 345073). This Court granted leaved "limited to the question whether respondent is judicially estopped from contesting the claim for unemployment benefits by the language contained in the settlement agreement."

In May 2017, appellee, the Department of Labor and Economic/Opportunity Unemployment Insurance Agency (MUIA), sent claimant a letter denying her application for unemployment benefits on the ground that she voluntarily quit her job with respondent. In June 2017, claimant filed a civil suit against respondent in Macomb Circuit Court alleging "sex, age, and national origin discrimination and harassment."

Claimant appealed from MUIA's denial of unemployment benefits, arguing that she had good cause, attributable to respondent, to quit. In July 2017, an Administrative Law Judge (ALJ) held a hearing on claimant's appeal. Claimant testified that she had not freely resigned because of two instances of disparate financial treatment compared to her coworker, Dena Person, as well as years of abuse at respondent's hands. Respondent and Person testified that claimant's allegations were false. The ALJ affirmed MUIA's denial of claimant's application.

In August of 2017, claimant appealed to the MCAC. In September 2017, respondent and claimant signed an agreement settling claimant's civil rights suit. In the agreement, respondent agreed it would "not take any further action to contest any claim of unemployment made by [claimant] . . . ."

In February 2018, the MCAC affirmed the ALJ's decision. Claimant then appealed to Macomb Circuit Court. Respondent did not make an appearance or file any documents with the MCAC or in the circuit court appeal. The circuit court affirmed the MCAC's decision; however, it did not address claimant's argument that respondent should be judicially estopped from contesting claimant's appeal of the MCAC's decision. Claimant now appeals by leave granted.

On appeal, claimant argues that the circuit court should have reversed the MCAC's decision and ordered MUIA to pay unemployment benefits to claimant because respondent was estopped from contesting claimant's appeal of the MUIA's determination. We disagree.

An issue is preserved for appellate review if it is raised in the trial court and pursued on appeal. *Peterman v DNR*, 446 Mich 177, 183; 521 NW2d 499 (1994). A party should not be punished on appeal because the trial court failed to address and decide an issue. *Id*. In her brief in the circuit court, claimant raised the issue of whether respondent was judicially estopped from contesting her unemployment claim by the settlement agreement. Therefore, the issue is preserved for appeal even though the circuit court did not address or decide the issue. *Id*.

"This Court reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clearly erroneous standard of review." *Vanzandt v State Employees' Retirement Sys*, 266 Mich App 579, 585; 701 NW2d 214 (2005). "The circuit court's legal conclusions are reviewed de novo and its findings of fact are reviewed for clear error." *Mericka v Dep't of Community Health*, 283 Mich App 29, 36; 770 NW2d 24 (2009).

Our Supreme Court has adopted a "prior success model of judicial estoppel" in the context of administration proceedings under which "a party who has *successfully* and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding." *Paschke v Retool Indus*, 445 Mich 502, 509; 519 NW2d

441 (1994), (quotation marks and citation omitted) (emphasis in original). "Under the prior success model, the mere assertion of inconsistent positions is not sufficient to invoke estoppel; rather, there must be some indication that the court in the earlier proceeding accepted that party's position as true." *Paschke*, 445 Mich at 510. "Further, in order for the doctrine of judicial estoppel to apply, the claims must be wholly inconsistent." *Id*.

The doctrine of judicial estoppel is inapplicable to the facts of this case. Claimant argues that respondent violated the doctrine's prohibition on taking, in a *subsequent* case, a position wholly inconsistent with a position taken in an *earlier* case because, on September 27, 2017, respondent agreed it would "not take any further action to contest any claim of unemployment made by [claimant] . . . ." However, respondent never took *any* position, let alone a *wholly inconsistent* position, in any proceeding subsequent to the settlement agreement. Respondent only contested claimant's appeal of the MUIA's initial denial of benefits by testifying before the ALJ that claimant had voluntarily quit her job. The ALJ ruled on the matter on July 12, 2017—two months before the settlement agreement barring "any further action" by respondent. Thereafter, respondent did not appear or file anything in claimant's appeal of the ALJ's decision to the MCAC or in claimant's appeal of the MCAC's decision to the circuit court—claimant had erroneously named respondent as the sole appellee in the circuit court appeal, which required the circuit court to add the MUIA as a party. Only the MUIA, and not respondent, filed a brief in the circuit court contesting claimant's appeal.

Even if respondent had contested claimant's appeal of the ALJ's decision to the MCAC or her appeal of the MCAC's decision to the circuit court, the doctrine of judicial estoppel would still not apply. Judicial estoppel only applies when a party takes a "wholly inconsistent" position in a subsequent proceeding. *Id*. Respondent did not admit wrongdoing or that claimant had good cause to quit her job in the settlement agreement. Even if respondent had submitted a brief to the circuit court reviving its position from the hearing before the ALJ, respondent's position in the circuit court would have been consistent with its position in the civil rights case that it had done nothing wrong. The settlement agreement would have been violated, but application of judicial estoppel would have been inappropriate. Our Supreme Court's "prior success" model of judicial estoppel "focus[es] less on the danger of inconsistent claims, than on the danger of inconsistent rulings. *Paschke*, 445 Mich at 510 n 4. No "ruling" on whether complainant voluntarily quit was entered in the civil rights case. *Id*. As a consequence, respondent would not be *judicially* estopped from asserting that she did so. Therefore, the circuit court did not err in rejecting claimant's judicial estoppel argument because respondent had not taken, before the MCAC or in the circuit court appeal, a position wholly inconsistent with its position in an earlier case.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra